ANNE E. LOPEZ 7609
Attorney General of Hawaii

NATHAN S.C. CHEE 6368
CYNTHIA M. JOHIRO 5445
LANE K. OPULAUOHO 11069
Deputy Attorneys General
Department of the Attorney
General, State of Hawaii
425 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 586-1470
Email: Nathan.S.Chee@hawaii.gov
Cynthia.M.Johiro@hawaii.gov
Kaiwi.Opulauoho@hawaii.gov

Attorneys for Defendants
STATE OF HAWAII, STATE OF HAWAII, DEPARTMENT OF TAXATION, ISAAC CHOY, GARY SUGANUMA, TRICIA OFTANA, EDWARD MENDIGUZO JR., DENISE CORDEIRO, CANDACE ITO, JOSH GREEN, and SYLVIA LUKE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Jeffrey-Steven of the House of Jarrett, as united States of America in rem, et al, One of We the People, Petitioner, Sui Juri Propria Persona, a living soul, created by God, a self-governed man, an ambassador of Christ, Alive in Libertas, having taken dominion over Juris of the Land, Air, Water, this LAW, and as for We the People, Occupying the Office of the Executor,<br><br>Plaintiff, | CV 24-00445-MWJS-KJM<br><br>DEFENDANTS STATE OF HAWAII, STATE OF HAWAII, DEPARTMENT OF TAXATION, ISAAC CHOY, GARY SUGANUMA, TRICIA OFTANA, EDWARD MENDIGUZO JR., DENISE CORDERO [SIC], CANDICE [SIC] ITO, JOSH GREEN, AND SYLVIA LUKE'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' |

vs.

STATE OF HAWAII, STATE OF HAWAII DEPARTMENT OF TAXATION, Isaac Choy, Gary Suganuma, Tricia Oftana, Edward Mendiguzo, Jr., Denise Cordero, Candice Ito, Josh Green, Sylvia Luke, and Does a thru z-999,

Defendants.

MOTION TO DISMISS COMPLAINT, FILED NOVEMBER 19, 2024; CERTIFICATE OF SERVICE; DECLARATION OF DENISE CORDEIRO; EXHIBIT 1

*Re: Docket Entry No. 9*

Hearing:
Date:
Time:

Trial Date: None Set
Judge: The Hon. Micah W. J. Smith

920181_6

DEFENDANTS STATE OF HAWAII, STATE OF HAWAII, DEPARTMENT OF TAXATION, ISAAC CHOY, GARY SUGANUMA, TRICIA OFTANA, EDWARD MENDIGUZO JR., DENISE CORDERO [SIC], CANDICE [SIC] ITO, JOSH GREEN, AND SYLVIA LUKE'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COMPLAINT, FILED NOVEMBER 19, 2024

Defendants STATE OF HAWAII, STATE OF HAWAII, DEPARTMENT OF TAXATION (the "Department"), ISAAC CHOY, GARY SUGANUMA, TRICIA OFTANA, EDWARD MENDIGUZO JR., DENISE CORDEIRO, CANDACE ITO,[1] JOSH GREEN, and SYLVIA LUKE (collectively, the "State Defendants"), by and through their attorneys, Nathan S.C. Chee, Cynthia M. Johiro, and Lane K. Opulauoho, Deputy Attorneys General, respectfully submit

[1] As noted previously, Ms. Ito's personal name is spelled "Candace," not "Candice" and Ms. Cordeiro's last name is spelled "Cordeiro," not "Cordero."

this Reply to Plaintiff's Response to Defendants' Motion to Dismiss Complaint ("Reply"), filed November 19, 2024. ECF No. 9.

I. INTRODUCTION

In the State Defendants' Motion to Dismiss, the substantive argument is that the United States District Court lacks jurisdiction and should dismiss Plaintiff Jeffrey-Steven of the House of Jarrett (the "Plaintiff")'s Complaint (ECF No. 1), pursuant to Fed. R. Civ. P. Rule 12(b)(1); specifically, pursuant to the Tax Injunction Act, 28 U.S.C. § 1341, the principle of Comity, 42 U.S.C. § 1983, and for lack of jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. ECF No. 6 at 9, 13 and 15.[2] The State Defendants additionally argue that it would be proper for this Court to dismiss the Complaint as Plaintiff fails to state any claim for which the Court can grant relief pursuant to Fed. R. Civ. P. Rule 12(b)(6); specifically, that the Eleventh Amendment to the United States Constitution bars the Plaintiff's claims against the State Defendants and the Department, the doctrine of Qualified Immunity bars claims against the individual state defendants, Plaintiff fails to plead the necessary personal participation or involvement of the State Defendants to bring suit pursuant to 42 U.S.C. § 1983, and Plaintiff's Complaint is premised on frivolous legal theories such as "Sovereign Citizen" claims, and does not

[2] Please note that references are made to the actual page of the document and not to the portable document format ("pdf") page number.

comply with Fed. R. Civ. P. Rule 8. ECF No. 6 at 16, 19, 21, 22, and 23. With regard to this most recent filing, the Plaintiff's Response to the Motion to Dismiss ("Response") fails to bring any sort of discernible legal argument or rebuttal to refute the State Defendants' arguments as to why this State tax appeal matter should not be litigated in State Court.[3] ECF No. 9.

## II. BACKGROUND

At the outset, the State Defendants note Plaintiff alleges we failed to answer, "numerous points of the original document". ECF No. 9 at 2. We note a large portion of Plaintiff's Response is used to address the original Complaint. As this is a separate Motion to Dismiss, his arguments have no merit. Indeed, nearly the entirety of Plaintiff's Response lacks any legal merit, and he does not refute nor attack the legal arguments as set forth in the Motion to Dismiss.[4] However, while

---

[3] As a preliminary matter, the Plaintiff's 38-page Response is replete with citations to case law, references to sections of the United States Code, and to the United States and State of Hawaii Constitutions. However, it remains a mystery as to whether and to what extent Plaintiff understands where, in said cases, statutes, and Constitutions, the relevant and actual arguments lay; there is almost never pincites to provide direction to sections applicable to the instant matter, nor explanation as to how or why statutes should be applied. Nevertheless, as Plaintiff is proceeding *pro se*, we are guided by this Court, and, pursuant to *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), that the Plaintiff's response should be liberally construed. We will attempt to do so accordingly.

[4] The Plaintiff's Response far exceeds the 15-page limit by approximately 23 pages. See Local Rules of the District Court of the District of Hawaii Rule 7.4(c). That this Honorable Court may be so inclined, the State Defendants respectfully request that said 23 pages be stricken from the record pursuant to LR11.1. While

the State Defendants stand on the arguments as set forth in the Motion to Dismiss, there are two points we wish to clarify for the Court. They are, as follows: 1) Plaintiff argues that service upon him was faulty because it did not meet his standard, see ECF No. 9 at 5-6; and, 2) Plaintiff states there was an "in-person audit", that he paid the taxes owed which gave him the tax clearance for 2022, and, the Department thereafter incorrectly assessed additional general excise taxes against him, see ECF No. 9 at 6-8, 19-20.

III. ARGUMENT

As to the first point of clarification, the Plaintiff argues that service was faulty and "fraudulent" upon him because it was not in his preferred form, and he demands that the State Defendants provide proof of service. The Department sends tax bills and notices of assessment to the "last known address" as defined in Hawaii Administrative Rules § 18-231-1, and as set forth in Haw. Rev. Stat. § 231-9.8.[5] The Plaintiff's last known address, on file with the Department, is PO

---

Plaintiff deems himself "unlearned in and at law", see ECF No. 9 at 1, LR7.4(c) nonetheless applies to filings by a *pro se* party.

[5] Haw. Rev. Stat. § 231-9.8 (2017) provides: "**Tax bills.** Each state tax collector shall mail, postage prepaid, or deliver to all known persons assessed taxes in the state tax collector's district, tax bills demanding payment of taxes due from each of them, but no person shall be excused from the payment of any tax or delinquent penalties thereon by reason of failure on the person's part to receive such bill. The bill, if mailed, shall be addressed to the person concerned at the person's last known address or place of residence." (Emphasis added).

Box 623, Kula, HI 96790-0623. **Declaration of Denise Cordeiro.** Department mailings that have been sent to Plaintiff have been delivered to said post office box.[6] Accordingly, Plaintiff's assertion is without merit.

As to the second point of clarification, it appears Plaintiff views his two payments of $171.00 and $40.00 made in cash at the payment window via receipts dated **September 21, 2022** as an "in-person audit", see ECF No. 9 at "MEMORANDUM B". These payments appear to indicate that Plaintiff was current, and up-to-date with the tax payments due at that point-in-time. The approved tax clearance letter that Plaintiff submitted to this Court, also dated **September 21, 2022**, see ECF No. 9 at "MEMORANDUM A", does not affect exhibits submitted with the instant Motion to Dismiss, filed on November 1, 2024. Accordingly, the State Defendants deny that they knowingly withheld any facts or information from this Court; Plaintiff's accusations are without merit.

It appears that shortly after Plaintiff was issued the approved tax clearance letter, near the end of 2022, an audit was triggered as it became apparent that Plaintiff was not correctly self-assessing the general excise taxes due and owing by Jarrett Construction LLC. Accordingly, the Department commenced its audit where it was determined that Taxpayer owed additional general excise taxes for tax

---

[6] We note that Department mailings have been delivered to the Plaintiff at his last known address, the post office box, such as the Tax Clearance Denial Letter dated September 12, 2024, see ECF No. 6 at Exhibit 8.

years 2019 through 2021. A Notice of Final Assessment of General Excise And/Or Use Tax, dated March 24, 2023, was mailed to Jarrett Construction LLC. See **Exhibit 1**; **Cordeiro Dec.**

As detailed in the Motion to Dismiss, Plaintiff had many other options to appeal the assessment of general excise taxes, the collection action, and the subsequent levies; the proper jurisdiction of said options being in **State Court**. See ECF No. 6 at 11-13. As such, it was improper for the Plaintiff to file the instant action in this Court. Plaintiff's assertions are without merit.

IV. CONCLUSION

Based upon the foregoing, the State Defendants respectfully request that this Court grant their Motion to Dismiss with prejudice.

DATED: Honolulu, Hawaii, December 5, 2024.

*/s/ Lane K. Opulauoho*
NATHAN S.C. CHEE
CYNTHIA M. JOHIRO
LANE K. OPULAUOHO
Deputy Attorneys General
Attorneys for Defendants

STATE OF HAWAII, DEPARTMENT OF TAXATION, ISAAC CHOY, GARY SUGANUMA, TRICIA OFTANA, EDWARD MENDIGUZO JR., DENISE CORDEIRO, CANDACE ITO, JOSH GREEN, and SYLVIA LUKE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

Jeffrey-Steven of the House of Jarrett, as united States of America in rem, et al, One of We the People, Petitioner, Sui Juri Propria Persona, a living soul, created by God, a self-governed man, an ambassador of Christ, Alive in Libertas, having taken dominion over Juris of the Land, Air, Water, this LAW, and as for We the People, Occupying the Office of the Executor,

Plaintiff,

vs.

STATE OF HAWAII, STATE OF HAWAII DEPARTMENT OF TAXATION, Isaac Choy, Gary Suganuma, Tricia Oftana, Edward Mendiguzo, Jr., Denise Cordero, Candice Ito, Josh Green, Sylvia Luke, and Does a thru z-999,

Defendants.

CV 24-00445-MWJS-KJM

CERTIFICATE OF SERVICE

CERTIFICATE OF SERVICE

I hereby certify that, on the date indicated below, a true and correct copy of the foregoing document was served on the following, in the manner described, at their last known address:

Jeffrey-Steven of the House of Jarrett
c/o Temporary Post Location
Post Office Box 623
Kula, Hawaii 96790
Plaintiff *Pro Se*

U.S. Mail

DATED: Honolulu, Hawaii, December 5, 2024.

*/s/ Lane K. Opulauoho*
NATHAN S.C. CHEE
CYNTHIA M. JOHIRO
LANE K. OPULAUOHO
Deputy Attorneys General

Attorneys for Defendants
STATE OF HAWAII,
DEPARTMENT OF TAXATION,
ISAAC CHOY, GARY
SUGANUMA, TRICIA OFTANA,
EDWARD MENDIGUZO JR.,
DENISE CORDERO, CANDACE
ITO, JOSH GREEN, and SYLVIA
LUKE