IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JEFFREY-STEVEN OF THE HOUSE OF JARRETT,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF HAWAIʻI, *et al.*,<br><br>　　　　　Defendants. | Civil No. 24-00445 MWJS-KJM<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS**

In this civil suit, Plaintiff Jeffrey-Steven of the House of Jarrett,[1] who is self-represented, challenges the state's tax laws and seeks to recover taxes levied against him and his business. He names as defendants the State of Hawaiʻi, the state Department of Taxation, and various state officials.

Before the Court is Defendants' motion to dismiss the complaint against them. Although the Court liberally construes Jeffrey-Steven's complaint, it finds that there is no basis for subject matter jurisdiction. On that ground, the complaint is DISMISSED

---

[1] Jeffrey-Steven styles himself, more completely, as "the united States of America in rem, et al, One of We the People, Petitioner, Sui Juri Propria Persona, a living soul, created by God, a self-governed man, an ambassador of Christ, Alive in Libertas having taken dominion over Juris of the Land, Air, Water, this LAW, and as for We the People, Occupying the Office of the Executor." ECF No. 1, at PageID.1.

without prejudice. The Court defers decision on amendment of the complaint at this time, and as explained below, it offers Jeffrey-Steven an opportunity to address the jurisdictional deficiencies.

## BACKGROUND

A.     The Complaint's Allegations

As background, the suit appears to arise from Jeffrey-Steven's failure to pay general excise taxes on behalf of his business, Jarrett Construction LLC. According to the state, the LLC owed $13,801.48 in unpaid general excise taxes for tax years 2020 through 2022. *See* ECF No. 6, at PageID.98. In 2023, the state levied the LLC's bank account and obtained partial payment. *Id.* at PageID.97-98. Because Jeffrey-Steven is the sole member of the LLC, the state notified him that he was personally liable for the LLC's unpaid taxes. *Id.* It then levied his personal bank account and received an additional partial sum. *Id.* at PageID.98. In 2024, when Jeffrey-Steven sought an exemption from the requirement that his LLC provide a state tax clearance certificate to renew his contractor license, Defendant Candace Ito,[2] the Executive Director of the state Contractors License Board, denied his request. *Id.* at PageID.98-99.

---

[2]     The complaint spells her name as "Candice Ito," but Defendants explain that her first name is spelled "Candace." ECF No. 13, at PageID.284.

2

Jeffrey-Steven filed his complaint on October 10, 2024.  ECF No. 1.  In the complaint, which he filed without the assistance of counsel,[3] Jeffrey-Steven appears to challenge the state's tax laws and seek the recovery of taxes levied against him and his business.  As one challenge, he asserts that the state is engaging in unlawful double taxation because it requires his LLC to pay taxes, even though the products he installs were already taxed at the point of sale (in his case, at Lowes).  *Id.* at PageID.13 (¶ 19).

Jeffrey-Steven also contests the state's requirement that he show proof of taxes paid to renew his contractor license.  He expresses dissatisfaction with Defendant Ito's refusal to grant him a variance from that requirement.  *Id.* at PageID.12-13 (¶ 17).  And he argues that the requirement is a form of extortion, racketeering, and a violation of due process.  *Id.*  As part of this scheme, Jeffrey-Steven separately alleges that the state intentionally mailed him notices of amounts due to the wrong address, and then seized his assets without giving him an opportunity to respond.  *Id.* at PageID.13 (¶ 19).

---

[3]   Although Jeffrey-Steven is self-represented, it appears that he does not wish to be called "pro se."  *See* ECF No. 9, at PageID.208 ("First act of defamation is the use of the term pro se in reference to me, Jeffrey-Steven of the House of Jarrett when I clearly come in the private position, status and standing of Propria Persona.").  The Court will endeavor to avoid using the phrase "pro se" in this order given Jeffrey-Steven's preferences, but it notes that "pro se" is not widely understood to be a derogatory phrase; it merely means "[f]or oneself" or "on one's own behalf."  *Pro se*, Black's Law Dictionary (12th ed. 2024); *see also Shelton v. Jaddou*, No. 23-15965, 2024 WL 3311060, at *2 (9th Cir. July 5, 2024) (affirming denial of motion to recuse that was based, in part, on district judge's use of "Latin phrases such as Pro se").

3

Jeffrey-Steven asserts that the state's administrative processes for tax liens, contained in Hawaiʻi Revised Statutes (HRS) §§ 231-17 and 231-63, violate Article VI, Section 4 of the U.S. Constitution and the Due Process Clause of the Fourteenth Amendment.  *Id.* at PageID.10 (¶¶ 8-9).  He challenges article VIII, section 2 of the Hawaiʻi Constitution on the same basis.  *Id.* (¶ 8).  As relief, the complaint demands the amendment of state law, that the state Department of Taxation "desist and cease all action" against Jeffrey-Steven, the return of all money levied, and other money damages.  *Id.* at PageID.16-17 (¶¶ 29-35).  Finally, it appears to request that state records be amended to reflect what the complaint characterizes as "the private status of Jeffrey-Steven of the House of Jarrett."  *Id.* at PageID.17 (¶ 36).

    **B.**    **Defendants' Motion to Dismiss**

Defendants have moved to dismiss the complaint against them.  ECF No. 6.  They attack the complaint on several grounds:  lack of subject matter jurisdiction, failure to state a plausible claim for relief, and failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  *Id.*  Jeffrey-Steven opposes the motion on all fronts.  ECF No. 9.

The Court has elected to decide the motion without a hearing, as authorized by Local Rule 7.1(c).  *See* ECF No. 15.

//

//

## **DISCUSSION**

A.   **Subject Matter Jurisdiction**

At the outset, a federal court must always ensure it has subject matter jurisdiction, or the authority, to decide the case before it.  Unlike state courts, federal courts have limited jurisdiction, meaning they can only hear a case if they have been specifically authorized to hear that particular type of case.  While pleadings filed without the assistance of counsel are liberally construed, *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012), the party bringing suit ultimately has the burden to establish subject matter jurisdiction over their case, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  There are two general bases for federal court jurisdiction:  diversity and federal question.  Here, the complaint invokes both bases for jurisdiction, but fails to lay a sufficient basis for either.

1.  Diversity jurisdiction exists when the parties are completely diverse—in other words, when no defendant is a citizen of the same state as any plaintiff—and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.  Accordingly, to adequately allege diversity jurisdiction, a complaint must allege the citizenship of all parties.  An individual is a citizen of the state in which they "reside[] with the intention to remain" or "to return."  *Gaudin v. Remis*, 379 F.3d 631, 636 (9th Cir. 2004) (internal quotation marks omitted).

The complaint has not adequately alleged diversity jurisdiction. As an initial matter, the complaint does not appear to contain a good faith allegation of an amount in controversy exceeding $75,000. Furthermore, the complaint does not adequately allege that the parties are completely diverse. Although it asserts that Jeffrey-Steven is no longer a Hawaiʻi (or United States) citizen, *see, e.g.*, ECF No. 1, at PageID.6 ("I have repudiated implied or real contract and thus am not a US Citizen, Resident or Person . . . ."), it does not provide a factual basis for his holding legally cognizable citizenship elsewhere. To the contrary, the only relevant fact alleged—that Jeffrey-Steven's address is in Kula, Hawaiʻi, *id.* at PageID.17—suggests that he would likely be legally considered a citizen of Hawaiʻi, even though he does not readily embrace that designation. And to the extent the individual Defendants are sued in their personal capacities, they also appear likely to be citizens of Hawaiʻi. Moreover, a state is "not a 'citizen' for purposes of the diversity jurisdiction." *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973). For these reasons, the complaint has not adequately alleged subject matter jurisdiction through diversity jurisdiction.

2. The other way for a plaintiff to establish subject matter jurisdiction is through federal question jurisdiction. A federal question—or an issue of federal law—must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see* 28 U.S.C. § 1331. Where an alleged federal claim

6

"clearly appears to be immaterial" or "is wholly insubstantial and frivolous," federal question jurisdiction does not lie. *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

While the complaint cites a handful of federal laws, it is largely devoid of any basis for them. It cites the Federal Tort Claims Act (FTCA), for example. ECF No. 1, at PageID.2. But that statute only applies to claims against the United States for torts committed by federal employees, *see* 28 U.S.C. § 1346(b)(1), and here, the only named defendants are the state, a state agency, and state employees. Similarly, in describing the individual Defendants' conduct, Jeffrey-Steven points to several criminal statutes. *See, e.g.*, 18 U.S.C §§ 241 (conspiracy against rights), 242 (deprivation of rights under color of law) 1951 (interference with commerce). But as a private citizen, he does not have standing to initiate a federal criminal prosecution. *See, e.g., Cox v. United States*, Civ. No. 17-00001, 2017 WL 2385341, at *5 (D. Haw. May 31, 2017); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) ("A suit brought by a plaintiff without Article III standing is not a case or controversy, and an Article III federal court therefore lacks subject matter jurisdiction over the suit." (internal quotation marks omitted)).

The complaint also brings federal constitutional challenges to the state's tax assessments, levying, and collection of taxes against Jeffrey-Steven, and challenges of these sort ordinarily would give rise to federal question jurisdiction. But they do not

establish subject matter jurisdiction here, because they are barred by the Tax Injunction Act. *See* 28 U.S.C. § 1341. The Tax Injunction Act is a "broad jurisdictional barrier," *Lowe v. Washoe County*, 627 F.3d 1151, 1155 (9th Cir. 2010) (quoting *Arkansas v. Farm Credit Servs. of Cent. Ark.*, 520 U.S. 821, 825 (1997)), which "drastically [limits] district court jurisdiction to interfere with so important a local concern as the collection of taxes," *id.* (quoting *California v. Grace Brethren Church*, 457 U.S. 393, 408-09 (1982)). The Act provides that district courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. It is rooted in "equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations." *Tully v. Griffin, Inc.*, 429 U.S. 68, 73 (1976). When applicable, it prohibits declaratory and injunctive relief, as well as suits brought under §§ 1983 and 1985. *Lowe*, 627 F.3d at 1155; *see also Grace Brethren Church*, 457 U.S. at 408 (holding the Tax Injunction Act bars suits for declaratory relief); *Hawaiian Tel. Co. v. State Dep't of Labor & Indus. Rels.*, 691 F.2d 905, 909-10 (9th Cir. 1982) (explaining that under Ninth Circuit law, the Tax Injunction Act applies to § 1983 actions); *Simmons v. Weersing*, No. 97-15709, 1998 WL 78341, at *1 (9th Cir. Feb. 19, 1998) (affirming dismissal for lack of subject matter jurisdiction over §§ 1981, 1983, and 1985 claims on the basis that the action was barred by the Tax Injunction Act).

There is a narrow exception to the Tax Injunction Act's jurisdictional bar: where a "plain, speedy and efficient remedy" is not available in state court. *Lowe*, 627 F.3d at 1155. To be encompassed by the Act, the state court remedy "need only meet 'certain minimal procedural criteria.'" *Id.* (emphasis omitted) (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512 (1981)). The party challenging a state tax must minimally "have access to 'a full hearing and judicial determination' of all federal constitutional objections to the tax." *Id.* (quoting *Rosewell*, 450 U.S. at 513). The state court remedy need not, however, be "the best remedy available or even equal to or better than the remedy" available in the federal courts. *Id.* (quoting *Mandel v. Hutchinson*, 494 F.2d 364, 367 (9th Cir. 1974)). Instead, for a remedy to be "plain," the "procedures available in state court must be certain"; in other words, there must not be "uncertainty regarding [their] availability or effect." *Id.* (internal quotation marks omitted). And a remedy is "efficient" "unless it imposes an 'unusual hardship . . . requiring ineffectual activity or an unnecessary expenditure of time or energy.'" *Id.* (quoting *Rosewell*, 450 U.S. at 518).

Jeffrey-Steven appears to contend that an adequate remedy for his challenges to state tax law and administration is not available in state court because the Hawaiʻi State Bar Association (HSBA) supposedly will censure and strip of their ability to practice law any attorney who dares to bring constitutional challenges. *See* ECF No. 9, at PageID.216-18. The complaint offers no particularized factual allegations that would make this contention a plausible one. And even if there were more factual particulars,

9

the argument would not avail Jeffrey-Steven, given that he does not claim to be an HSBA-licensed attorney himself, he is proceeding without the assistance of counsel in this Court, and he has offered no reason to believe he would not similarly represent himself in state court. That is to say, Jeffrey-Steven has offered no reason to believe that *he* would be censured by the HSBA, or that any threat of censure could plausibly deter him from pursuing state remedies.

Apart from his contentions about the HSBA, Jeffrey-Steven offers no other reason why he does not believe a plain, speedy, and efficient remedy could be found in state court. And the Court finds none. Indeed, to the contrary, the Ninth Circuit has already found that Hawaiʻi state courts offer plain, speedy, and efficient remedies to taxpayers who seek to challenge the validity of state taxes. *See Air Polynesia, Inc. v. Freitas*, 742 F.2d 546, 548 (9th Cir. 1984). In *Air Polynesia*, the plaintiff sought a preliminary injunction to prevent the state from collecting a public service tax authorized by statute, arguing that the tax violated the supremacy, due process, and commerce clauses. *Id.* at 546. The district court dismissed the action for lack of subject matter jurisdiction based on the Tax Injunction Act, and the Ninth Circuit affirmed. *Id.* In so doing, the Ninth Circuit considered, and rejected, arguments by the plaintiff that Hawaiʻi's two statutory schemes for taxpayers to challenge income tax assessments were inadequate. *Id.* at 548. For one, it noted that taxpayers may challenge income tax assessments by filing a notice

of appeal with the tax appeal court before payment. *Id.* (citing HRS § 235-114). And, for another, taxpayers may bring refund actions in state court. *Id.* (citing HRS § 40-35).

Here, too, state law provides for a refund action under HRS § 40-35. Alternatively, state law provides for an appeal of an assessment of general excise taxes to the tax appeal court pursuant to HRS § 237-42. Because a plain, speedy, and efficient remedy is available in state court, this court does not have the authority to hear Jeffrey-Steven's challenges to the state's tax assessment, levy, or collection.[4]

For that reason, Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction is GRANTED.

### B. Failure to State a Claim or to Comply with Rule 8

Because the complaint is dismissed for lack of subject matter jurisdiction, Defendants' motions to dismiss for failure to state a claim for relief or for failure to comply with Rule 8 are DENIED AS MOOT.

//

//

---

[4] For similar reasons, the Court agrees with Defendants that the principle of comity would also bar any § 1983 claim. *See Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 107-08 (1981) ("Prior to enactment of § 1341 . . . federal-court restraint in state tax matters was based upon the traditional doctrine that courts of equity will stay their hand when remedies at law are plain, adequate, and complete."); *id.* at 116 n.8 ("We discern no significant difference, for purposes of the principles recognized in this case, between remedies which are 'plain, adequate, and complete,' as that phrase has been used in articulating the doctrine of equitable restraint, and those which are 'plain, speedy and efficient,' within the meaning of § 1341.").

C.     **Leave to Amend**

The Court defers decision, at this time, on the question of whether Jeffrey-Steven should be granted further leave to amend. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (denial of leave to amend appropriate where amendment is futile). If Jeffrey-Steven wishes to continue pursuing this action in federal court, he must file a letter with the Court requesting leave to amend by no later than February 10, 2025. In any such letter, Jeffrey-Steven must explain why he believes that he would not be able to obtain a plain, speedy, and efficient remedy in state court. Jeffrey-Steven must not repeat the reasons already offered in his original complaint. Jeffrey-Steven need not provide a new proposed amended complaint as part of his request at this time.

Jeffrey-Steven is cautioned that failure to timely file a letter request for leave to amend the complaint will result in the automatic dismissal of this action. In addition, he is cautioned that failure to address the deficiencies identified in this Order may result in denial of leave to amend and dismissal of this action without further notice.

## CONCLUSION

For the foregoing reasons:

(1)    Defendants' motion to dismiss for lack of subject matter jurisdiction is

       GRANTED;

(2)    Defendants' motion to dismiss for failure to state a claim for relief is

       DENIED AS MOOT; and

    (3)    Defendants' motion to dismiss for failure to comply with Rule 8 is DENIED AS MOOT.

Although Jeffrey-Steven is not granted leave to amend at this time, he may file a letter request for leave to amend that complies with the following requirements:

    (1)    Jeffrey-Steven's letter request for leave to amend is due by no later than February 10, 2025; and

    (2)    The request must explain why Jeffrey-Steven believes that he would not be able to obtain a plain, speedy, and efficient remedy in state court.

Jeffrey-Steven is cautioned that failure to timely file a request for leave to amend that conforms with this Order will result in the automatic dismissal of this action, and that failure to address the deficiencies identified in this Order may result in denial of leave to amend and dismissal of this action without further notice.

    IT IS SO ORDERED.

    DATED: January 9, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

Civil No. 24-00445 MWJS-KJM, *Jeffrey-Steven of the House of Jarrett v. State of Hawaiʻi*, et al.; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS