IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JEFFREY-STEVEN OF THE HOUSE OF JARRETT,<br><br>             Plaintiff,<br><br>      vs.<br><br>STATE OF HAWAIʻI, *et al.*,<br><br>             Defendants. | Civil No. 24-00445 MWJS-KJM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL, RECONSIDERATION, LEAVE TO AMEND, AND MISCELLANEOUS RELIEF |

### ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL, RECONSIDERATION, LEAVE TO AMEND, AND MISCELLANEOUS RELIEF

On Defendants' motion, the Court dismissed Plaintiff Jeffrey-Steven of the House of Jarrett's civil complaint for lack of subject matter jurisdiction.  The Court held that Jeffrey-Steven's claims, which were brought without the assistance of counsel, were barred by the Tax Injunction Act.  The Court did not immediately close the case, however.  It gave Jeffrey-Steven an opportunity to file a letter explaining how he could address the complaint's jurisdictional deficiencies.  Jeffrey-Steven now moves for reconsideration of that dismissal Order, for leave to amend, and for various other forms of relief, including recusal of the undersigned judge.  For the reasons explained below, Jeffrey-Steven's requests for recusal, for reconsideration, and for leave to amend are DENIED, and his other requests are DENIED AS MOOT.

## BACKGROUND

On January 9, 2025, the Court granted Defendants' motion for dismissal of the complaint for lack of subject matter jurisdiction. ECF No. 16. The Court concluded that even liberally construing the complaint, it set forth no basis for federal jurisdiction. *Id.* The Court specifically explained that although the complaint brought federal constitutional challenges, which ordinarily would give rise to federal question jurisdiction, they did not establish subject matter jurisdiction in this case, because Jeffrey-Steven's claims are barred by the Tax Injunction Act. *Id.* at PageID.347-48.

The Court noted, however, that there is a "narrow exception to the Tax Injunction Act's jurisdictional bar: where a 'plain, speedy and efficient' remedy is not available in state court." *Id.* at PageID.349 (quoting *Lowe v. Washoe County*, 627 F.3d 1151, 1155 (9th Cir. 2010)). And while the complaint did not offer any legitimate basis for believing that Jeffrey-Steven could not obtain a plain, speedy, and efficient remedy for his claims in state court, *id.* at PageID.349-51, the Court deferred decision on whether to grant Jeffrey-Steven leave to amend his complaint, *id.* at PageID.352. The Court gave Jeffrey-Steven an opportunity to file a letter explaining why he believed that he would not be able to obtain such a remedy in state court. *Id.* But the Court cautioned Jeffrey-Steven that failure to address the identified deficiencies might result in denial of leave to amend and dismissal of this action without further notice. *Id.*

On February 4, 2025, Jeffrey-Steven filed a document titled "Motion for Appropriate Relief Under Rule 60; 'Letter' Request in ECF No. 16."  ECF No. 18.  In the filing, Jeffrey-Steven appears to seek reconsideration of this Court's Order dismissing his complaint.  *See id.*  Jeffrey-Steven repeats many of the arguments made in his opposition to the motion to dismiss, *see* ECF No. 9, and he argues that the Court made various factual and legal errors in its dismissal Order, *see* ECF No. 18; *see also* ECF No. 19 (Memo in Support).  Jeffrey-Steven also styles his filing as the invited response to the Court's dismissal Order.  *See* ECF No. 18.  Finally, Jeffrey-Steven seeks various other forms of relief, including the recusal of any judge having an "affiliation" with the Hawaiʻi State Bar Association (HSBA) under 28 U.S.C. § 455.  *Id.* at PageID.374-76.

In requesting recusal, Jeffrey-Steven "question[s] the monopolization of laws, creation thereof, application thereof and profiteering therefrom by a mandatory membership organization, HSBA, which controls the individuals who are party thereof and thereto" and "[w]ho then write, administer and interpret those laws."  *Id.* at PageID.375; *see also id.* at PageID.376 (alleging "corruption and monopoly power of the HSBA who do not tolerate dissent from its agenda, 'absolute control of Hawaiʻi'").

## DISCUSSION

1.  Before addressing the merits of Jeffrey-Steven's motion, the Court considers Jeffrey-Steven's recusal request, which the Court construes as a motion to recuse the undersigned district judge from this case.  An assigned judge should recuse themselves

3

under 28 U.S.C. § 455(a) if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (internal quotation marks omitted), *abrogated on other grounds by Simmons v. Himmelreich*, 578 U.S. 621 (2016). The "reasonable person" is "not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (internal quotation marks omitted).

Jeffrey-Steven asserts that HSBA membership or affiliation requires recusal. Liberally construed, his argument is that HSBA exercises too much control over its members (including, in his view, a sitting judge who happens to be a member), and that a judge who is an HSBA member could not fairly assess his contention that HSBA supposedly would censure and strip of their ability to practice law any attorney who dared to bring a constitutional challenge to state tax law and administration. No reasonable person, with knowledge of all the facts, would question the undersigned judge's impartiality for these reasons. Nor does Jeffrey-Steven establish any specific bases for recusal under § 455(b). *See* 28 U.S.C. § 455(b) (laying out specific grounds requiring recusal, such as actual bias, involvement in a matter during prior employment, and financial interest in a matter). Jeffrey-Steven's recusal motion is therefore DENIED.

4

2. Turning to the merits, the Court concludes that Jeffrey-Steven has not offered an adequate basis for reconsideration of the Court's dismissal Order. "Motions for reconsideration are disfavored." LR60.1. Such a motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also* LR60.1.

None of the arguments advanced by Jeffrey-Steven meet this standard. Jeffrey-Steven asserts, for instance, that the Court has "GREATLY ERRED" in construing the complaint because "[t]his matter stems from abrogation of law and the Constitution [of] [t]he United States." ECF No. 18, at PageID.355. But the Court did liberally construe the complaint as raising constitutional claims in its dismissal Order—it just ultimately concluded that those claims were barred by the Tax Injunction Act. *See* ECF No. 16. Similarly, while Jeffrey-Steven contends that his citations to criminal statutes are cognizable under § 1983, *see* ECF No. 18, at PageID.362-63, the Court also liberally construed the complaint as bringing § 1983 claims but held they, too, were barred, *see* ECF No. 16, at PageID.348; *id.* at PageID.351 n.4. As another example, Jeffrey-Steven maintains that diversity jurisdiction exists. *See, e.g.*, ECF No. 18, at PageID.357 ("[P]resumption of there not being enough information proving Diversity is in error."); *id.* at PageID.360 (arguing the Court's reliance on *Moor v. Alameda County*, 411 U.S. 693

5

(1973), was erroneous). But he still has not adequately alleged his citizenship, alleged a good faith basis for the requisite amount in controversy, or persuasively argued that a state can be a citizen for the purposes of diversity jurisdiction—indeed, it cannot. *See Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1123 (9th Cir. 2013) (noting that a state is not a "citizen" for the purposes of diversity jurisdiction). Because there is no merit to any of his contentions that the Court erred, Jeffrey-Steven's motion for reconsideration of the Court's dismissal Order is DENIED.

    3. Furthermore, Jeffrey-Steven has offered no reason why he would not be able to obtain a plain, speedy, and efficient remedy in state court.

    He makes the sweeping assertion that Defendants—the State of Hawaiʻi, State of Hawaiʻi Department of Taxation, and various state officials—"do not follow their own laws." ECF No. 18, at PageID.364; *see also id.* ("Why would they care to respond and act honorably?"). But that does not explain how the state judiciary could not provide the requisite procedural protections for Jeffrey-Steven's claims. *See Lowe*, 627 F.3d at 1155 (explaining the "minimal procedural criteria" needed for a state court remedy to be "plain, speedy and efficient" (emphasis omitted)).

    Jeffrey-Steven also argues that "[g]oing into State Court then appeal will take years—there is nothing speedy about that." ECF No. 18, at PageID.365. Even accepting Jeffrey-Steven's premise for the sake of argument, his conclusion would not follow. As the Ninth Circuit has held, a remedy is "efficient" "unless it imposes an unusual

6

hardship . . . requiring ineffectual activity or an unnecessary expenditure of time or energy." *Lowe*, 627 F.3d at 1156 (internal quotation marks omitted).  A state court remedy need not be "the best remedy available or even equal to or better than the remedy which might be available in the federal courts." *Id.* at 1155 (internal quotation marks omitted).  Even if Jeffrey-Steven were correct that trying a state court case followed by an appeal would take "years," that delay alone would not satisfy the Tax Injunction Act's narrow exception, for that timeline, "regrettably, is not unusual." *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 520-21 (1981) (holding that the respondent's two-year delay did not fall "outside the boundary of a 'speedy' remedy").

Because Jeffrey-Steven has not offered any means for curing the jurisdictional deficiencies identified in the Court's dismissal Order, leave to amend would be futile.  Accordingly, his request for leave to amend his complaint is DENIED.  *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (stating leave to amend is appropriately denied where such leave would be futile).

4.  Finally, to the extent Jeffrey-Steven seeks other relief in his filings, those motions are DENIED AS MOOT.  *See* ECF No. 18, at PageID.374-75 (requesting, among other things, declaratory relief; injunctive relief; and that the Court "move to Scheduling Conference, Discovery and Trial"); ECF No. 19, at PageID.395-96 (similar).

## **CONCLUSION**

For the foregoing reasons, Jeffrey-Steven's requests for recusal, for reconsideration, and for leave to amend, ECF No. 18, are DENIED.  The other requests for relief contained in his filings, *see* ECF Nos. 18 & 19, are DENIED AS MOOT.  The Clerk is DIRECTED to enter judgment and to close this case.

IT IS SO ORDERED.

DATED:  February 12, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 24-00445 MWJS-KJM, *Jeffrey-Steven of the House of Jarrett v. State of Hawaiʻi*, et al.; ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL, RECONSIDERATION, LEAVE TO AMEND, AND MISCELLANEOUS RELIEF

8